# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5774 | **DATE** | 10/24/2012 |
| **CASE TITLE** | Goldstar Private Capital Fund One, LLC vs. Jupiter Coastal Investments, LLC *et al.* | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion for Entry of Default Judgment [Dkt. # 75] is granted. Plaintiff should submit a proposed draft Order to chambers.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiff Goldstar Private Capital Fund One, LLC ("Goldstar") filed this lawsuit, asserting breach of contract and fraud claims arising out of a $300,000 loan made to defendant Jupiter Coastal Investments, LLC ("Jupiter"). Now before the Court is Goldstar's motion for a default judgment under Fed. R. Civ. P. 37. Goldstar requests judgment in the amount of $558,542.47, plus $131.51 per day from October 3, 2012 through the date of judgment, against defendants Jupiter; Tucker's Cove, LLC; Awesome Kids, LLC; and Joan DeSouza on a joint and several basis. Alternatively, Goldstar requests that this Court compel defendant Joan DeSouza to appear for her deposition, enter evidentiary sanctions for failure to comply with discovery, and grant Goldstar its reasonable attorneys' fees incurred as a result of defendants' discovery abuse.

    Along with its motion for default, Goldstar filed a 15-page memorandum in support. (Dkt. # 76.) The brief includes nine supporting exhibits, one of which is the transcript of the May 1, 2012 deposition of Joan DeSouza. Goldstar noticed up its default motion before this Court on Wednesday October 10th. On this date, counsel for Goldstar appeared. However, counsel for defendants did not appear. Because no counsel showed up on the 10th, this Court indicated that it would rule on the briefs currently filed. This Court has reviewed Goldstar's motion, brief, and supporting exhibits, and concludes that a default judgment is the appropriate remedy for the repeated discovery violations by defendants.

    The evidence supporting this ruling is described in Goldstar's brief, which is detailed, thorough, and well written. We will therefore only set forth some of the highlights here. To recap, this case was referred to Magistrate Judge Nolan on January 26, 2011. She actively supervised the case and entered numerous orders up until her retirement last month. In her last order in this case [Dkt. # 74], Judge Nolan stated that she could not rule on plaintiff Goldstar's then pending Motion to Compel because it was a dispositive motion given that it requested a default judgment as a remedy. However, in this order, Judge Nolan noted that defendants repeatedly had failed to cooperate in discovery. Specifically, she noted that the defendants failed to respond to document requests and interrogatories for over twelve months; they refused to comply with numerous orders entered by Judge Nolan (including those on June 28, August 2, and September 29, 2011, and February

| STATEMENT |
|---|

9, 2012); and defendant DeSouza refused to appear for her deposition. (*Id.*) In addition, Judge Nolan noted that defendants were twice given a chance to file a brief in response to the motion to compel (*i.e.*, the request for a default), but they chose not to file a response either time. In short, Judge Nolan's order by itself evidences defendants' failure to cooperate in discovery.

    Goldstar's brief provides further details. (Dkt. # 76.) The brief describes in great detail how defendants either failed to respond at all to interrogatories and documents requests, or responded seven months late. (*Id.* at 3.) Goldstar was trying at the time to discover the basic facts about what had happened to the $300,000 it had lent to Jupiter. The brief also describes how defendants engaged in further delaying tactics. (*Id.* at 4-5.) Defendant DeSouza later admitted in a deposition that she did not begin looking for responsive documents until almost *thirteen months* after the document request was served. (*Id.* at 6.) Defendants gave evasive answers about where possibly relevant documents were. They made vague and unbelievable assertions that all documents were destroyed in a parking garage flood, but then it became apparent that other responsive documents were located in a storage facility and on several computers. Even after conceding the existence of the documents in a storage facility, which had previously been concealed, defendant DeSouza then claimed she did not know where the facility was. We thus find that defendants intentionally withheld documents and provided false answers to interrogatories. In particular, what is most troubling is the testimony of DeSouza. She lied in her affidavit about the fact that no documents existed (*see* Ex. E); she gave unbelievable answers in her deposition which constituted further lies. In sum, she engaged in a dishonest attempt to conceal documents and information about the missing $300,000.

    We need not further detail the repeated and numerous failures to cooperate in discovery, as we find that the undisputed evidence demonstrates that defendants willfully and continually failed to obey orders of the Court and made no meaningful effort to comply with discovery obligations. This behavior thus justifies the request for a default judgment under Rule 37. *See* Dkt. # 76 at 12 (citing cases). As Goldstar explains in its brief, in light of this behavior, no evidentiary hearing is required. Moreover, given the repeated failure of defendants to respond in any way to the request for a default judgment – twice before Judge Nolan and again before this Court – a hearing would likely just result in another failure by defendants to respond. For all the above reasons and for the reasons more fully set forth in Goldstar's brief, this Court grants the motion for entry of default. Goldstar should submit to chambers a draft judgment order.